# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DARIN MEEK,**

                **Plaintiff,**

**-vs-**                                                      **Case No. 6:07-cv-268-Orl-19DAB**

**WACHOVIA CORPORATION,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 18)** |
| **FILED:** | **July 12, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Following the filing of the settlement agreement (Doc. No. 21), a fairness hearing held pursuant to the parties' report of settlement in this Fair Labor Standards Act case. For the reasons set forth herein, it is **respectfully recommended** that the settlement be **APPROVED** by the Court.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise

of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

A Settlement Fairness Hearing was held with counsel for both parties participating. Based on the representations of counsel at the hearing and the answers to Court Interrogatories, it appears that Plaintiff was employed by Defendant in an account executive capacity. Damages of approximately $5,375.00 were claimed for alleged unpaid overtime, with Plaintiff claiming that he worked numerous overtime hours. Defendant disputed the amount of overtime hours worked, and claimed that Plaintiff was exempt, in any event, from FLSA coverage. Plaintiff's counsel conceded at hearing the probable applicability of the administrative exception, and the parties agreed to settle the matter for a total of $3,500 to Plaintiff. The settlement to Plaintiff is a reflection of the difficulties of proof Plaintiff faced,

should he proceed to trial, and makes allowances for the inherent difficulties and costs of a trial. Plaintiff's counsel has waived attorney's fees and costs.[1] Settlement in the total amount of $3,500.00 is a fair and reasonable settlement. It is **recommended** that the settlement be **APPROVED** by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. If adopted by the Court, the Clerk is directed to dismiss the action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 15, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] It appears that counsel is related to Plaintiff.